IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DAVID FRAZIER, )
)
Plaintiff, )
)
) No. 3:14-cv-02310
v. ) Senior Judge Haynes
)
CAPITOL CMG PUBLISHING, et al. )
)
Defendants. )

## MEMORANDUM

Plaintiff, David Frazier, filed this action against the Defendants: Lilly Mack Publishing; H. Xavier Walker, individually and doing business as Mokiah Publishing; Vicki Lataillade; Claude Lataillade; and John Doe.[1] Plaintiff asserts claims under the Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 et seq., for declaratory relief, copyright infringement, and statutory damages against all Defendants, and contributory copyright infringement against Defendant Walker. Plaintiff seeks attorney's fees. Plaintiff also asserts state law claims for tortious breach of contract, negligence, conversion, and unjust enrichment against all Defendants, and fraudulent misrepresentation against Defendant Walker.

Plaintiff's claims arise out of alleged wrongdoing by Defendants concerning two musical compositions that Plaintiff composed. Defendant H. Xavier Walker, a gospel artist, recorded these songs that were on his album and other gospel compilation albums. Plaintiff alleges that, effective July 15, 2003, Plaintiff transferred to Walker and Mokiah Publishing 25% of publishing income generated by these compositions solely for Defendant Walker's album, but that Defendants have

---

[1] Upon Plaintiff's notice of voluntary dismissal (Docket Entry No. 38) and pursuant to Fed. R. Civ. P. 41(a)(1)(A)(I), the Court dismissed with prejudice Plaintiff's claims against Defendant Capitol CMG Publishing (Docket Entry No. 41).

collected substantially more than 25%.

Before the Court is the motion to dismiss filed by Defendants Lilly Mack Publishing, Vicki Lataillade, and Claude Lataillade (Docket Entry No. 35) under Fed. R. Civ. P. 12(b)(1) and (6), contending, in sum: (1) that Plaintiff's copyright claims are, in essence, state contract claims over which this Court lacks federal question jurisdiction and that this Court lacks diversity jurisdiction as the amount in controversy is less than $75,000; (2) that Plaintiff failed to make the requisite showing that he preregistered or registered the asserted copyrights; (3) that recovery under the Copyright Act is limited to within three years of the date Plaintiff filed his complaint; (4) that a claim for "tortious breach of contract" does not exist under Tennessee law; (5) that Plaintiff's claims for negligence, conversion, and unjust enrichment should be dismissed because they are equivalent to his copyright infringement claim; and (6) that Plaintiff's claims for negligence, conversion, and unjust enrichment are barred by the applicable statute of limitations.

In response, Plaintiff, in essence, argues: (1) that his complaint sufficiently pleads federal question jurisdiction and diversity jurisdiction; (2) that Plaintiff preregistered all asserted copyrights; (3) that recovery under the Copyright Act is not limited to within three years of filing of Plaintiff's complaint because each infringing act in a series of successive violations starts a new limitations period; (4) that Plaintiff's "tortious breach of contract" claim should proceed as a claim for "tortious interference with contract"; (5) that Plaintiff's claims for negligence, conversion, and unjust enrichment have an "extra element" beyond those required for copyright infringement and therefore are not preempted by the Copyright Act; and (6) that the applicable statute of limitations for his negligence, conversion, and unjust enrichment claims did not commence until he learned of the injury in 2014.

## A. Analysis of the Complaint

David Frazier is a songwriter who has written songs for many successful gospel artists. (Docket Entry No. 1, Complaint, at ¶ 1). Frazier is the sole writer and owner of the compositions "I Need You to Survive" and "We Made It" ("the compositions"). Id. at ¶¶ 9-10, 20. Defendant H. Xavier Walker, a gospel artist, recorded the compositions for his album "Family Affair II: Live at Radio City Music Hall" ("Family Affair II"). Id. Defendant Walker does business as Mokiah Publishing, and Defendant Mokiah Publishing published the compositions. Id. at ¶¶ 4, 9-10. In addition to Walker's "Family Affair II" album, Frazier's compositions appeared on other projects known and unknown, including numerous "WOW: Gospel" projects. Id. at ¶¶ 9-10.

On or about July 15, 2003, Plaintiff executed a publishing agreement for the compositions with Defendants Walker and Mokiah Publishing. Id. at ¶ 11. Defendants Walker and Mokiah Publishing obtained the right to 25% of publishing income generated by the compositions solely for the "Family Affair II" album. Id. Plaintiff alleges that he did not transfer any share of ownership in this agreement. Id. at ¶ 21. This agreement prohibited Defendants Walker and Mokiah Publishing from collecting any amount beyond 25% of publishing income generated by the compositions from the "Family Affair II" album. Id. at ¶ 12, 53.

Plaintiff alleges that Defendant Walker knowingly made false representations to the other Defendants that Walker owned a 25% share of the compositions, including that a document granted Walker the right to assign a 25% share of the compositions. Id. at ¶¶ 29, 42-43. Plaintiff alleges that Walker admitted to Plaintiff that Plaintiff did not assign a 25% share of the copyright in the compositions to Walker, id. at ¶¶ 28, 41, and that Walker told Plaintiff that he "was not aware of why Defendants were improperly collecting" 25% share of royalties for the compositions, id. at ¶

3

41.

According to the complaint, Defendants collected 25% of all royalties associated with the compositions rather than 25% of the publishing income generated by the compositions solely on Walker's "Family Affair II" album. Id. at ¶¶ 11-12, 22, 60. Plaintiff alleges that Defendants Walker and Mokiah Publishing, as well as "its successors and assigns," have collected "thousands of dollars in publishing and royalty income" over what was provided in the agreement. Id. at ¶¶ 13, 22, 35. Defendant Vicki Lataillade is the President of Lilly Mack Publishing, and Claude Lataillade is the co-owner of Lilly Mack Publishing. Id. at ¶¶ 3, 5-6. Plaintiff alleges that Defendant "John Doe" "performed each of the acts and omissions" alleged in his complaint. Id. at ¶ 7. Plaintiff alleges that Defendants collected royalties for the compositions despite the knowledge that Defendants did not have any lawful rights to the compositions. Id. at ¶ 48. Defendants have not paid Plaintiff money owed under the publishing agreement or collected outside the scope of the publishing agreement. Id. at ¶¶ 22, 36, 55, 62.

### B. Conclusions of Law

Defendants argue that Plaintiff's claims arise under state law, not the federal Copyright Act. Paragraphs 19 through 31 of the Complaint contain allegations of copyright infringement and contributory copyright infringement, yet Defendants contend that these claims are, in essence, breach of contract claims, involving issues of contractual interpretation.

There are two general types of motions under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction: facial attacks and factual attacks. RMI Titanium Co. v. Westinghouse Elec. Corp., 78 F.3d 1125, 1134 (6th Cir. 1996) (quoting Mortensen v. First Fed. Savings and Loan Ass'n, 549 F.2d 884, 890 (3d Cir. 1977). For a factual attack to the sufficiency

4

of a Plaintiff's complaint, the Court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." Id. Plaintiff's complaint does not have a presumption of truthfulness and Plaintiff bears the burden of proving jurisdiction. Id. Thus, Plaintiff must show either (1) that this action "arises under" the copyright laws of the United States, 28 U.S.C. § 1338, or some other federal law, 28 U.S.C. § 1331, (2) that the case meets the requirements for diversity jurisdiction, 28 U.S.C. § 1332, or (3) that the Court has supplemental jurisdiction over his claim under 28 U.S.C. § 1367.

Title 28 U.S.C. 1338(a) provides that "[t]he district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to . . . copyrights." Yet, "it is well-established that not every complaint that refers to the Copyright Act 'arises under' that law for purposes of § 1338(a)." Perry v. Broadcast Music Inc., 23 Fed.Appx. 210, 211 (6th Cir. 2001). An action arises under the Copyright Act "if and only if the complaint is for a remedy expressly granted by the Act, e.g., a suit for infringement or for the statutory royalties for record reproduction, or asserts a claim requiring construction of the Act, . . . or, at the very least and perhaps most doubtfully, presents a case where a distinctive policy of the Act requires that federal principles control the disposition of the claim." Puetz v. Spectrum Health Hospitals, No. 1:14-CV-275, 2015 WL 3935984, at *3 (W.D. Mich. June 26, 2015) (quoting T.B. Harms Co. v. Eliscu, 339 F.2d 823, 828 (2d Cir. 1964)).

Citing Royal v. Leading Edge Products, Inc., 833 F.2d 1 (1st Cir. 1987), Defendants contend that Plaintiff's claims only involve state contract law and do not arise under federal copyright laws. In Royal, the First Circuit upheld the district court's dismissal of a claim for declaration of copyright ownership because the claim did not establish federal question jurisdiction. 833 F.2d at 2. There, the

5

plaintiff and a co-worker entered into a royalty agreement with his employer under which the plaintiff was to receive certain royalty payments based on future sales of a "software package" that the plaintiff developed. Id. at 1. The royalty agreement provided that the plaintiff would not be owed any further royalties if he were terminated "for cause," but he would be entitled to royalties for five years from the date of termination if he were fired "for no cause." Id. at 2. The Royal plaintiff, who was terminated without receiving any royalties for the period after his termination, alleged that he was terminated without cause. Id. The Court determined that the plaintiff's "assertions gr[e]w out of his purported contract rights" and that his "claim, in its very nature and essence, [was] one for breach of contract . . . ." Id. at 3-4. Thus, the Court concluded that the plaintiff "ha[d] asserted no colorable claim of right under the copyright laws." Id. at 4.

Here, although there is a contract at the center of the dispute, the dispute involves more than just a breach of contract. Plaintiff also alleges that Defendants infringed on the copyrighted compositions outside the scope of the contract by "collecting a combined twenty-five percent (25%) share of all royalties associated with" the compositions, (Docket Entry No 1 at ¶ 22), unlike in Royal. Thus, Plaintiff's complaint pleads claims seeking suit for copyright infringement, which is a "remedy expressly granted by" the Copyright Act. See Puetz, 2015 WL 3935984, at *3. At this stage in the pleadings, the Court concludes that Plaintiff has carried his burden of establishing subject matter jurisdiction through allegations for relief arising under the Copyright Act.[2]

Defendants next argue that the Court should dismiss Plaintiff's claims under Rule 12(b)(6)

---

[2]Federal courts have a continuing obligation to determine whether there is subject matter jurisdiction, Campanella v. Commerce Exch. Bank, 137 F.3d 885, 890 (6th Cir. 1998), and thus the Court may re-examine whether Plaintiff has carried his burden of proving jurisdiction after further discovery.

for failure to state a claim upon which relief can be granted. Under Rule 12(b)(6), a Plaintiff's complaint should not be dismissed "unless it appears beyond doubt that the [P]laintiff can prove no set of facts in support of his claim which would entitle him to relief." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 546 (2007). Consideration of a motion to dismiss requires the Court to accept the complaint's factual allegations as true and to construe the complaint liberally in favor of the Plaintiff. Perry v. Am. Tobacco Co., Inc., 324 F.3d 845, 848 (6th Cir. 2003). Despite such liberal construction, a court "need not accept as true legal conclusions or unwarranted factual inferences." Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987) (citations omitted). Indeed, "[i]t is not . . . proper to assume that the [Plaintiff] can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Assoc. Gen. Contractors v. Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983). Moreover, to survive a motion to dismiss under Rule 12(b)(6), "the complaint must contain 'either direct or inferential allegations respecting all the material elements'" of the claim. Tahfs v. Proctor, 316 F.3d 584, 590 (6th Cir. 2003) (quoting Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988)).

Defendants contend that Plaintiff's Copyright Act claims should be dismissed because he failed to show that he preregistered or registered a copyright for the compositions prior to filing this action. Title 17 U.S.C. § 411(a) provides: "[N]o civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." To register a copyright claim, one must deliver to the Copyright Office a deposit of the work, an application, and a fee. 17 U.S.C. § 408(a). To preregister an eligible work, one must submit to the Copyright Office an application and fee. 37 C.F.R. §

202.16(c)(1). This statutory registration requirement is a precondition to suit, unrelated to subject matter jurisdiction. Dice Corp. v. Bold Technologies, 556 Fed.Appx. 378, 386 (6th Cir. 2014) (citing Reed Elsevier, Inc. v. Muchnick, 559 U.S. 154, 161 (2010)). "When a plaintiff files a copyright infringement action before preregistration or registration of the copyright claim has occurred, the 'precondition' required by § 411(a) is not satisfied." TreadmillDoctor.com v. Johnson, No. 08-2877, 2011 WL 1256601, at *4 (W.D. Tenn. Mar. 31, 2011) (citations omitted).

Here, Plaintiff's complaint does not allege that he preregistered or registered the compositions. Plaintiff's complaint only alleges that "Plaintiff is the sole owner of a One-Hundred percent (100%) undivided shares in the Infringed Compositions." (Docket Entry No. 1 at ¶ 20). Plaintiff's conclusory allegation of ownership alone is insufficient to satisfy the registration requirement in 17 U.S.C. § 411(a), that involves a deposit of the work, an application, and a fee. 17 U.S.C. § 408(a). In his response to Defendants' motion to dismiss, Plaintiff contends that he "pre-registered all asserted copyrights," (Docket Entry No. 44 at 6), but neither his complaint nor Plaintiff's response is accompanied by a certificate of preregistration or an application for preregistration.

Failure to comply with 17 U.S.C. § 411(a) is grounds for dismissal of a plaintiff's copyright claims. See Sony/ATV Music Pub. LLC v. D.J. Miller Music Distributors, Inc., No. 3:09-cv-01098, 2010 WL 3872802, at *4 (M.D. Tenn. Sept. 28, 2010) (dismissing for failure to state a claim copyright infringement claims for six songs where plaintiffs did not obtain copyright registrations prior to filing suit). In his response, Plaintiff requests leave to amend his complaint should the Court grant Defendants' motion to dismiss in any part. (Docket Entry No. 44 at 8). Yet, the Defendants' motion to dismiss has been pending months and Plaintiff has yet to cure this deficiency by filing a

copy of his copyright registration. Dismissal of Plaintiff's copyright claims would deprive the Court of federal question jurisdiction. As to diversity jurisdiction on Plaintiff's state law claims, parties dispute whether there is diversity jurisdiction in this matter. Plaintiff alleges damages of more than $100,000. (Docket Entry No. 1 at ¶¶ 57, 59). Defendants argue that Plaintiff's alleged losses are $8,621.17 that are far short of the required amount in controversy for diversity jurisdiction.

For these reasons, the Court concludes that Defendants' motion to dismiss (Docket Entry No. 35) should be granted, but the action should be dismissed without prejudice.

An appropriate order is filed herewith.

**ENTERED** this the ___ day of December, 2015.

WILLIAM J. HAYNES, JR.
Senior United States District Judge